IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED

JAN 19 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KATHERINE LEE COMBS,

PLAINTIFF,

v.                                                        CIVIL CASE NO. 4:11CV43

MICHAEL J. ASTRUE, COMMISSIONER,
Social Security Administration,

DEFENDANT.

## ORDER

This matter comes before the Court on Plaintiff Katherine Lee Combs' ("Plaintiff" or "Combs") Objections to the Report and Recommendation of the Magistrate Judge. Doc. 17. For the reasons explained below, the Court **OVERRULES** Combs' objections and **ADOPTS** the Magistrate Judge's Report & Recommendation ("R&R").

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. Plaintiff filed an application for disability insurance benefits (DIB) with the Social Security Administration on June 2, 2008, alleging a disability onset date of June 30, 2000. R&R at 1. The application alleged that Plaintiff suffered from diabetes mellitus, hypertension, obesity, carpal tunnel syndrome, history of tumor removal, vision problems, frozen left shoulder and mini-strokes. Id. On September 5, 2008, the application was denied, and upon reconsideration, Plaintiff requested a hearing. Id. at 2. On February 1, 2010, an Administrative Law Judge ("ALJ") held a video

hearing on Combs' application. Id. At the hearing, Plaintiff amended her alleged onset date to June 1, 2005. Id. On February 23, 2010, the ALJ issued a decision and order denying Plaintiff's request for benefits. Id. Combs sought to appeal the ALJ's decision, but her request for review was denied on January 3, 2011, and the ALJ's decision became final on that date. Id.

Plaintiff then turned to the federal court system. She filed a Complaint against the Commissioner of Social Security ("the Commissioner") on February 24, 2011. Doc. 1. The Commissioner filed an Answer on May 2, 2011. Doc. 7. After the Court referred this matter to a Magistrate Judge on May 17, 2011, both parties filed motions for summary judgment. Docs. 11, 13. On December 20, 2011, the Magistrate Judge issued the R&R, which concludes that substantial evidence supports the ALJ's decision that Combs is capable of performing her past relevant work as a teacher's assistant within the limits of her residual functional capacity. Doc. 16 at 13–19. Accordingly, the Magistrate Judge recommends that summary judgment be issued in favor of the Commissioner. Id.

Plaintiff filed her Objections to the Report and Recommendation of the Magistrate Judge on January 4, 2012. Doc. 17. Defendant filed a response to the objections on January 18, 2012, doc. 18, and the matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the

Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

### III. ANALYSIS

In his February 23, 2010 opinion, the ALJ described and then followed a five-step process to determine whether Combs is disabled, in accordance with regulation. See 20 C.F.R. 416.920(a). The Magistrate Judge summarized these five steps, which involved determining whether Combs (1) is engaged in a substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents her from any substantial gainful employment. R&R at 8; see 20 C.F.R. § 416.920. If the claimant is found to have one or more impairments, then the ALJ must determine the claimant's residual functional capacity

("RFC"), which is defined as the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520. Plaintiff's objections focus on the ALJ's determination of her RFC and the Magistrate Judge's conclusion that there was substantial evidence to support the ALJ's RFC determination. Doc. 17 at 2. Plaintiff argues that an ALJ's RFC determination must be supported by the residual functional capacity assessment of a treating or examining physician and thus objects to the ALJ's reliance upon an opinion provided by a non-examining State Agency medical consultant to determine Plaintiff's RFC.[1] Id. at 6. More specifically, Plaintiff contends that the Magistrate Judge erred in concluding that the ALJ properly determined that Combs has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and thus, is capable of performing her past relevant work as a teacher's assistant. Id.

First and perhaps most importantly, Plaintiff ignores the fact that RFC is no longer defined as a medical assessment under the current regulations. The applicable regulation, 20 C.F.R. § 404.1545, "was amended in 1991 to delete language defining RFC as a medical assessment." Langley v. Astrue, 777 F. Supp. 2d 1250, 1252 (N.D. Ala. 2011). Accordingly, "[n]owhere in the current regulations is RFC referred to as a medical assessment."[2] Id. Thus, the Court rejects Plaintiff's argument that the ALJ is precluded from making an RFC determination in the absence of medical evidence from a treating physician based upon Plaintiff's characterization of RFC as a "medical assessment."

---

[1] The ALJ's residual functional capacity determination was based upon the assessment of a state agency physician, Dr. Leopold Moreno, which the ALJ found to be consistent with the record as a whole. Dr. Moreno noted that, "On RECON, there is no additional evidence and no new impairment, worsening of condition or change." R. at 251. Further, Dr. Moreno determined that "[t]here is no evidence of a disabling condition prior to DLI." Id.

[2] In Langley, the district court noted that "[a]ny doubt about whether the current regulations consider RFC to be a medical assessment is removed by 20 C.F.R. § 404.1527." Langley, 777 F. Supp. 2d at 1252. Specifically, the regulation provides that opinions on issues reserved to the Commissioner, such as residual functional capacity, are not medical opinions. The final responsibility for deciding a claimant's residual functional capacity is reserved to the Commissioner and thus, "under the current regulations, a claimant's RFC is specifically excluded from being considered a medical opinion, and thus cannot be a medical assessment." Id. at 1253.

Second, the case Plaintiff cites in support of her objection that an RFC assessment must be supported by the opinion of a treating or examining physician is inapposite to the case at hand. See Coleman v. Barnhart, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003) (finding that "the Commissioner's fifth-step burden cannot be met by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician"). The step to which Plaintiff objects in this case is the fourth step of the inquiry, under which the ALJ must determine whether the individual's impairment or impairments prevents her from performing her past relevant work. The claimant bears the burden of proof and production during the first four steps. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). Only if the claimant satisfies her burden during the first four steps of the inquiry will the burden then shift to the Commissioner in step five to show the availability of other work in the national economy which the claimant is able to perform. Id.

Not only is Coleman not binding precedent on this Court but also involves a situation entirely different from the instant case. In Coleman, the ALJ determined that the claimant was unable to perform her past relevant work. Thus, the burden temporarily shifted to the Commissioner to establish the claimant's capacity to perform other work available in significant numbers in the national economy. As opposed to a fifth-step determination in which the burden shifts to the Commissioner to produce evidence that a significant number of jobs exists, the instant case involved a determination at step four of the inquiry that Combs was capable of performing her past relevant work, thus making Coleman inapplicable. See Kendall v. Astrue, No. 10-0701-M, 2011 WL 2434069, at *4 (S.D. Ala. June 15, 2011) (finding Coleman inapplicable because the ALJ's determination that the claimant was capable of performing her

5

past relevant work "was a fourth-step determination, unlike the fifth-step determination of Coleman"); Watson v. Astrue, No. 2:10-CV-200-TFM, 2011 WL 626559, at *5 (M.D. Ala. Feb. 11, 2011) (finding Coleman distinguishable on the basis that at step four, "[t]he ALJ had no burden placed upon him to prove that a significant number of jobs exists because [the claimant] did not prove she is disabled"); Langley, 777 F. Supp. 2d 1250, 1260 (declining to follow Coleman on the basis that "Coleman cites to no regulation or case law to support [the] proposition" that at step five, an RFC from an examining physician is required). Moreover, other district courts have declined to adopt Plaintiff's Coleman argument "and read into every case a requirement that the ALJ obtain a residual functional capacity assessment from a treating or examining physician." Cooper v. Astrue, No. 3:08-CV-30, 2009 WL 537148, at *7 (M.D. Ga. Mar. 3, 2009).

Third, Plaintiff's argument is contrary to agency regulations, which state that administrative law judges will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(e). In doing so, "administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether [the claimant is] disabled." McGrew v. Commissioner of Social Sec., 343 Fed. Appx. 26, 32 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(f)(2)(i)). In arguing that an ALJ's RFC assessment cannot be supported with the RFC of a non-examining reviewing physician, Plaintiff fails to recognize that the ALJ is not precluded from making a RFC determination in "the absence of an opinion from an acceptable medical source." Meneses v. Astrue, No. 08-23389-CIV, 2011 WL 1595157, at *4 (S.D. Fla. Apr. 4, 2011). As the Magistrate Judge correctly noted, "Combs does not present any

information, in the form of a [physical capacities evaluation] or otherwise, from her medical providers that suggests she is unable to work, or that even assesses her functional capacity." R&R at 14. Thus, because Plaintiff failed to meet her burden of demonstrating she could not return to her past relevant work, the ALJ's determination properly included only those limitations supported by the record.

Finally, the ALJ explicitly stated in his decision that security law provides that he may not ignore the medical opinions of State Agency medical consultants and that such opinions "are weighed as non-examining expert sources . . . and can be given weight insofar as they are supported by evidence in the case record, considering the supportability of the opinion by newly submitted evidence that was not before the State Agency, the consistency of the opinion with the record as a whole, and any explanation for the opinion provided by the State Agency medical consultant." R. at 15. It is plain that "the ALJ may rely on opinions of non-examining [medical] sources when they do not conflict with those of examining sources." West v. Astrue, No. 09-00602-B, 2011 WL 559063, at *8 (citing Edwards v. Sullivan, 937 F.2d 580, 584–85 (11th Cir. 1991)). Plaintiff provides no persuasive reason to believe that the ALJ did not consider all of the relevant evidence regarding Combs' capacity to do work despite her impairments.[3] In this case, the ALJ first considered the failure of the objective medical evidence to establish the existence of limitations that would preclude the claimant from performing all work activity prior to the date last insured, December 31, 2005. Specifically, the ALJ considered the medical evidence provided by Combs, which consisted of records from Riverside Family Medicine in January

---

[3] Plaintiff argues that "Ms. Combs' job description is not consistent with the evidence in the record, specifically the testimony of Ms. Combs who described her duties as a teacher's assistant which does not comport to the limitations of light work as defined in 20 C.F.R. 404.1567(b)." Doc. 17 at 7. However, the Court rejects Plaintiff's argument because the ALJ reasonably relied on Plaintiff's own hearing testimony, as well as that of the vocational expert, to determine that Combs had the ability to perform her past relevant work. When asked by the vocational expert to provide a more detailed description of her job duties as a teacher's assistant, Combs indicated that a large part of her job was sedentary in nature. R. at 31–32. Thus, the ALJ's conclusion that Combs possessed the RFC to perform her past relevant work is supported by substantial evidence.

2005, as well as medical records from follow-ups in April 2005, September 2006, and September 2007. R. at 15. Contrary to Plaintiff's assertion, the ALJ carefully and thoroughly analyzed all relevant evidence in the record. Combs' medical records from 2005 and 2006 do not require a finding of any additional limitations other than those limitations the ALJ included in his residual functional capacity finding. As there is nothing in the record from a treating source that conflicts with Dr. Moreno's opinion, and because Dr. Moreno's opinion is consistent with the record as a whole, the ALJ did not err in relying upon such expert opinion evidence.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that the ALJ's RFC assessment was based upon an evaluation of all of the relevant evidence, including the objective medical records and the State Agency findings. Accordingly, the Court **OVERRULES** Plaintiff's objections, Doc. 17, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation, Doc. 15. The Court **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Commissioner be upheld.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: January 19, 2012